# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BERTRAND MCCASLAND, <br><br> Plaintiff, <br><br> v. <br><br> CHENNUALT and KINGS COUNTY JAIL, <br><br> Defendants. | Case No. 1:18-cv-01453-JDP <br><br> SCREENING ORDER <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM WITHOUT LEAVE TO AMEND <br><br> ECF No. 1 <br><br> OBJECTIONS DUE WITHIN 14 DAYS <br><br> ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's factual allegations are not sufficient to state a claim of constitutional deprivation under 42 U.S.C. § 1983, and, given the nature of the allegations, amendment of the complaint would be futile. Accordingly, we recommend that the complaint be dismissed without leave to amend.

### I. STATEMENT OF FACTS[1]

During the relevant timeframe, plaintiff was being held in Kings County Jail, presumably as a pretrial detainee. *See* ECF No. 1 at 3. Defendants are the jail and officer Chennualt, a

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes.

1

sheriff's deputy employed at the jail. *Id.* at 2. On June 7, 2018, "a property release form was altered and was given to [defendant] Chennualt, [who] failed to question the alteration." *Id.* at 3. On June 9, 2018, the jail released plaintiff's property—including his wallet, social security card, identification card, and medical benefits card—to an "unauthorized person." *Id.* Plaintiff had his identity stolen while he was in jail. *Id.*

## II. SCREENING AND PLEADING REQUIREMENTS

The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The court must construe a litigant's complaint liberally when he is proceeding without counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States and (2) allege that the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which

he is legally required to do that causes the deprivation of which complaint is made.'"
*Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

### III. ANALYSIS

Plaintiff alleges that the jail released his property without his permission. However, allegations concerning the loss of personal property do not state an actionable constitutional claim. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.").[2] A meaningful remedy is available through the California courts system. Therefore, this claim should be dismissed.

We have screened plaintiff's complaint and find that it fails to state a cognizable claim. Given the nature of his allegations, amendment would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment). Accordingly, we recommend that the complaint be dismissed without prejudice to filing in state court.

### IV. ORDER

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

### V. FINDINGS AND RECOMMENDATIONS

We recommend that plaintiff's complaint, ECF No. 1, be dismissed for failure to state a claim on which relief could be granted. The complaint should be dismissed without prejudice to filing in state court.

These findings and recommendations are submitted to the U.S. district judge presiding

---

[2] Additionally, plaintiff's complaint does not allege that defendants acted with the subjective intent required to state a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[The] Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.").

3

over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the plaintiff may file written objections to the findings and recommendations with the court. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: May 25, 2019

UNITED STATES MAGISTRATE JUDGE

No. 204